UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| TONY DALE PENWELL, | ) |
| | ) |
| Plaintiff, | ) Case No. 05-0831-JLR-JPD |
| | ) |
| v. | ) |
| | ) ORDER GRANTING DEFENDANTS' |
| ROBIN CLEARY, et al., | ) MOTION FOR STAY |
| | ) |
| Defendants. | ) |
| | ) |

Plaintiff is an inmate at the King County Regional Justice Center in Kent, Washington ("RJC") who was charged by the King County Prosecutor on November 8, 2004, with Assault, Rape, Unlawful Imprisonment, and Felony Harassment, all in the first degree. Dkt. No. 20 at Attach. A. On July 7, 2005, he was charged with two additional counts of first degree Child Molestation. *Id.* at Attach. B. Plaintiff is scheduled to stand trial on these charges in King County Superior Court on November 28, 2005. *Id.* at Attach. C.

On May 4, 2005, plaintiff filed this pro se and in forma pauperis 42 U.S.C. § 1983 civil rights suit against four police officers involved in his state court investigation and

ORDER GRANTING DEFENDANTS'
MOTION FOR STAY

PAGE -1

arrest.[1]  Dkt. Nos. 1, 6, 10, 14.  Among other things, plaintiff alleges that defendants violated his civil rights by conducting an illegal search, illegally seizing several items of his personal property, and failing to properly catalogue those items.  Dkt. No. 14.  He also argues that, after seizing his clothing, defendants provided him with a paper gown that exposed his genitals.  *Id*.  Plaintiff also alleges that defendants illegally interrogated his minor children.  *Id*.  Plaintiff seeks $250,000 for these alleged violations.  *Id*.

On November 9, 2005, defendants filed a motion to stay this suit pending the outcome of plaintiff's criminal trial in state court.  Dkt. No. 20.  Relying upon the doctrine of *Younger v. Harris*, 401 U.S. 37 (1971), they argue that the Court should refrain from exercising jurisdiction until the conclusion of plaintiff's criminal trial.  *Id*.  Plaintiff has not responded to the motion.

"Based on the notion of comity, *Younger* and its progeny 'espouse a strong federal policy against federal-court interference with pending state judicial proceedings absent extraordinary circumstances.'"  *Woodfeathers, Inc. v. Washington County*, *Or.*, 180 F.3d 1017, 1020 (9th Cir. 1999) (quoting *Middlesex County Ethics Committee v. Garden State Bar Ass'n*, 457 U.S. 423, 431 (1982)).  Under *Younger*, federal courts must abstain from exercising jurisdiction when (1) there are ongoing state court proceedings, (2) that implicate important state interests, and (3) that afford plaintiff an adequate opportunity to raise his

---

[1]Plaintiff's complaint was originally filed on May 4, 2005.  Dkt. No. 1.  However, because of a deficiency in his application to proceed in forma pauperis, the complaint was not lodged until July 5, 2005.  Dkt. Nos. 1-6.  Plaintiff did not provide the Court with a complaint adequate to order service until August 23, 2005.  Dkt. Nos. 10-11.  His second amended complaint, which names the current defendants, was filed on September 19, 2005.  Dkt. No. 14.

ORDER GRANTING DEFENDANTS'
MOTION FOR STAY

PAGE -2

federal claims. *Id.*; *see also M&A Gabaee v. Community Redevelopment Agency*, 419 F.3d 1036, 1039 (9th Cir. 2005) (internal citations omitted). Although the doctrine traditionally applies to actions seeking injunctive or declaratory relief, it also applies to § 1983 actions for damages. *Gilbertson v. Albright*, 381 F.3d 965, 968-69 (9th Cir. 2004) (en banc).

This case presents all three elements necessary for the Court to abstain from exercising its jurisdiction. First, there is an ongoing criminal prosecution proceeding against plaintiff in King County Superior Court. Initial charges were filed against plaintiff prior to the filing of this action and trial is currently scheduled for November 28, 2005. *M&A Gabaee*, 419 F.3d at 1040; *see also Kitchens v. Bowen*, 825 F.2d 1337, 1341 (9th Cir. 1987) (indicating that state court proceedings begin when they are filed) (internal citations omitted). Secondly, Washington undoubtedly has an important interest in prosecuting felony crimes. *See Gilbertson*, 381 F.3d at 970 (noting that "*Younger* itself involved a state criminal prosecution"). Finally, plaintiff's criminal trial will provide him an adequate opportunity to raise his federal claims.[2] *See Dubinka v. Judges of the Superior Court*, 23 F.3d 218, 224 (9th Cir. 1994) (indicating that state court litigants typically are deemed to have had an opportunity to raise their federal claims unless they were procedurally barred from doing so).

In § 1983 actions in which plaintiffs seek only damages, permanent abstention in the form of a dismissal is not appropriate. *Gilbertson*, 381 F.3d at 968. Instead, the Court should stay the federal suit pending the outcome of the state court case. *Id.* at 968-69. Since state

---

[2] The gravamen of plaintiff's § 1983 suit turns on his allegation that defendants violated his rights by conducting an illegal search and seizure and by illegally interrogating his minor children. Dkt. No. 14. These issues are directly connected to his criminal prosecution and are likely to be raised there. He will be able to bring these claims in federal court once the stay is lifted in this matter.

ORDER GRANTING DEFENDANTS'
MOTION FOR STAY

PAGE -3

01 court proceedings remain ongoing until state appellate review is complete, the stay should

02 remain in effect through such time.  *Id.* at 969 n.4 (citing *Ohio Civil Rights Comm'n. v.*

03 *Dayton Christian Schools, Inc.*, 477 U.S. 619, 629 (1986)).  The Court therefore ORDERS

04 that this case be STAYED pending the conclusion of plaintiff's state court criminal trial and

05 any subsequent appeal(s).  The Court FURTHER ORDERS defendants to inform the Court

06 within thirty (30) days of the conclusion of the state court proceedings, so that the stay may

07 

08 be timely lifted.

09        The Clerk is directed to send copies of this Order to plaintiff and to the Honorable

10 James L. Robart.

11        DATED this 29th day of November, 2005.

12

13                                            *[signature: James P. Donohue]*

14                                            JAMES P. DONOHUE
                                              United States Magistrate Judge

15

16

17

18

19

20

21

22

23

24

25

26

ORDER GRANTING DEFENDANTS'
MOTION FOR STAY

PAGE -4